Civil action to recover damages for the death of plaintiff's intestate, alleged to have been caused by the neglect or wrongful act of the defendant. *Page 871 
The facts are these:
On the morning of 27 January, 1934, the defendant and Harry Mowrer, who were fellow employees at a filling station, left Concord about 1:30 a.m., in company with a Miss Hahn and plaintiff's intestate. They were riding in the defendant's Plymouth coupe, all on the same seat, the defendant driving, Miss Hahn sitting next to him, Mowrer next, and plaintiff's intestate in Mowrer's lap. At a service station two miles from Concord, "We had some sandwiches and some drinks. . . . We were out on a pleasure trip together."
At China Grove the defendant ran his car into the rear of a parked truck, severely injuring Mowrer and Killing plaintiff's intestate. Plaintiff's intestate was 23 or 24 years old. She was employed in a hosiery mill, earning $15 per week at the time of her death.
The jury returned the following verdict:
"1. Was the plaintiff's intestate injured and killed by the negligence of the defendant? Answer: `Yes.'
"2. If so, what amount, if anything, is the plaintiff entitled to recover? Answer : `$1,000.'"
Judgment on the verdict for plaintiff, from which an appeal was taken by the plaintiff, alleging inadequacy of amount awarded.
A careful perusal of the record leaves us with the impression that no reversible error has been made to appear. Rierson v. Iron Co., 184 N.C. 363,114 S.E. 467.
The rule for the admeasurement of damages in cases of wrongful death has been stated in a number of recent decision, notably Carpenter v. Power Co.,191 N.C. 130, 131 S.E. 400, and Purnell v. R. R., 190 N.C. 573,130 S.E. 313.
The result will not be disturbed.
No error.